# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TONY ALLEN PRESSLER,<br><br>    Plaintiff<br><br>v.<br><br>DOTTY CASINO, et. al.,<br><br>    Defendants | Case No.: 3:20-cv-00020-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 19 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's amended complaint (ECF No. 19), which the court screens under 28 U.S.C. §§1915(e)(2)(A), (B)(i)-(iii) and 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff's original complaint contained various claims stemming from Plaintiff's arrest for a robbery that took place at a Dotty's Casino in Elko, Nevada. The undersigned issued a report and recommendation screening Plaintiff's pro se complaint, which was adopted by District Judge Du. (ECF Nos. 3, 7.) Plaintiff's claims were dismissed, and he was given leave to amend only to the extent he could plausibly allege his criminal proceeding terminated in his favor or his conviction was invalidated. The Nevada Department of Investigation was dismissed with prejudice. The Elko Police Department was dismissed with prejudice, although Plaintiff was allowed leave to amend to assert a claim against the City of Elko if he could set forth appropriate allegations against the municipal defendant. Christopher W. Gevock and Dennis Williams were

dismissed without prejudice and leave to amend. The claims against Dotty's Casino and its employees were dismissed with prejudice as they are not state actors. (*Id.*)

Plaintiff has filed an amended complaint (ECF No. 19), which the court will now screen.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

The amended complaint still names Dotty's Casino and employees, Chelsea Woten, Roxy Pete, Ms. Myler, Ms. Harley, Janna Weiber, Derek Hatland, Lana Kilo Banner, even though they were dismissed with prejudice; however, Plaintiff includes no allegations about these Defendants in the body of the complaint. (ECF No. 19 at 1-2.) In addition, the amended complaint names

Jacob Eisinger, Michael Marshowsky, Bryan Drake[1], Joshua Taylor, Kyle Jones, Anthony Matthews, Sergeant M. Locuson, and John Doe executive and supervisory officials.

Dotty's Casino and employees, Chelsea Woten, Roxy Pete, Ms. Myler, Ms. Harley, Janna Weiber, Derek Hatland, Lana Kilo Banner should remain dismissed with prejudice as they are not state actors subject to suit under section 1983.

Like the original complaint, Plaintiff alleges that the Dotty's Casino in Elko was robbed on March 2, 2018. Plaintiff avers that Anthony Matthews provided false information and conspired with Josh Taylor, Sergeant Locuson and Marshowsky. Matthews told Taylor that Plaintiff had been picked up in a Chevrolet Traverse with snow covering the rear license plate, but Taylor put a note in his initial report that a James Squire had arrived in a silver Chevrolet Traverse with snow covering the rear license plate. Plaintiff claims that Marshowsky, Locuson, and Taylor conspired to violate Plaintiff's rights by intruding into the privacy of his home (his white Dodge Ram truck) and seized the truck and the belongings in it without a warrant or probable cause.

Then, on March 6, 2018, Plaintiff claims that Jacob Eisinger conducted an illegal search of Plaintiff's truck. Plaintiff further alleges that Drake and Marshowsky interviewed Squire using coercive questioning techniques to elicit a false confession that Plaintiff was involved in the robbery. Plaintiff contends that Marshowsky ordered Jones to arrest Plaintiff with false and unreasonable probable cause. Finally, he alleges that Drake illegally searched Plaintiff's cell phone, stating that Drake used an "IMEI" in the search warrant and he would have had to get past

---

[1] Plaintiff names this individual as "Brain Drake;" however, the documents attached to the original complaint indicate his name is Bryan Drake.

4

Plaintiff's pass code in order to get the "IMEI" number; therefore, Plaintiff contends that Drake had already searched the phone without a warrant.

Plaintiff asserts in Count I that Jones arrested him without a warrant and without probable cause. In Count II, he claims that Taylor illegally seized his truck and belongings without a warrant, and then Eisinger searched the truck based on a false statement made to a judge to secure a warrant, all in violation of the Fourth Amendment. In Count III, he claims that Eisinger searched the truck and the property in it and found nothing traceable to a crime, but Plaintiff states he needed the assets to retain counsel of his choice. Count III also includes a claim that Marshowsky and Drake searched his phone without a warrant. Finally, he contends that supervisory officers in Elko failed to train Eisinger, Marshowsky, Drake, Taylor and Jones.

With respect to the claims for fabrication of evidence, false arrest and false imprisonment, as well as the search and seizure of the truck and belongings in the truck and the search of the cellphone, the court previously dismissed these claims with leave to amend because Plaintiff had not alleged that his criminal proceeding had terminated in his favor or that he was convicted and the conviction had been invalidated. Plaintiff has not alleged in his amended complaint that his criminal proceeding terminated in his favor, or that he was convicted and his conviction has been invalidated. Therefore, his claims for fabrication of evidence, false arrest, false imprisonment, and unlawful search and seizure should be dismissed; however, the dismissal should be without prejudice so Plaintiff may raise these claims in the event his criminal proceeding terminates in his favor or, if convicted, his conviction is invalidated.

Plaintiff's claims against unidentified supervisors and executives should likewise be dismissed both because he has not alleged termination of the criminal proceeding in his favor/invalidation of any criminal conviction and he has not alleged facts to demonstrate any

particular supervisor was personally involved in an alleged constitutional deprivation or a sufficient causal connection between the supervisor's conduct and the asserted constitutional violation so as to give rise to liability on the part of the supervisor. *See Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (citations and quotation marks omitted). The dismissal should be without prejudice in the event Plaintiff can raise properly alleged claims against these defendants following the termination of the criminal proceeding in his favor, or the invalidation of any criminal conviction.

Finally, the amended complaint includes a Sixth Amendment right to counsel claim where it appears Plaintiff alleges that being deprived of truck and the belongings in it resulted in his not being able to secure private counsel of his choice.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense." "[A]n element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (citations omitted). "'[T]he Sixth Amendment guarantees a defendant a right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without his funds.'" *Id*. (quoting *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25 (1989)). The right is not unlimited. For example, "[a] defendant may not insist on representation by an attorney he cannot afford[.]" *Wheat v. United States*, 486 U.S. 153, 159 (1988).

In *Luis v. United States*, the Government obtained an order freezing untainted assets (those not connected to the underlying crime). The plaintiff sued and said this violated the Sixth Amendment right to be represented by counsel of his choice. The Supreme Court focused on the

fact that the assets at issue were "untainted." "[It]t differs from a robber's loot, a drug seller's cocaine, a burglar's tools, or other property associated with the planning, implementing or concealing of a crime." *Luis v. United States*, 136 S.Ct. 1083, 1092 (2016).  "The robber's loot belongs to the victim, not to the defendant." *Id*. (citation omitted). The drug seller's cocaine "is contraband, long considered forfeitable to the Government wherever found." *Id*. (citation omitted). "And title to property used to commit a crime (or otherwise 'traceable' to a crime) often passes to the Government at the instant the crime is planned or committed. *Id*. (citation omitted).

Plaintiff alleges that he needs the "untainted" assets to retain counsel of his choice, but Eisinger and others have continued to restrain his "untainted" assets.

Even accepting these vague allegations as true,  the cases cited above (and subsequent cases relying on them) were raised in the context of the underlying criminal proceeding, a direct criminal appeal or post-conviction habeas petition, and not in a section 1983 civil lawsuit. Therefore, the court finds that Plaintiff should be required to raise such a Sixth Amendment claim in his criminal proceeding, if it is not yet completed, or in an appropriate post-conviction petition. Accordingly, the Sixth Amendment claim should be dismissed; however, the dismissal should be without prejudice so Plaintiff may raise it in his criminal case or in the appropriate post-conviction petition.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) That Dotty's Casino and employees, Chelsea Woten, Roxy Pete, Ms. Myler, Ms. Harley, Janna Weiber, Derek Hatland, Lana Kilo Banner remain **DISMISSED WITH PREJUDICE** as they are not state actors subject to suit under section 1983;

   (2) That the claims for fabrication of evidence, false arrest, false imprisonment, and unlawful search and seizure in the amended complaint be **DISMISSED WITHOUT PREJUDICE** so that Plaintiff can raise them in the event his criminal proceeding terminates in his favor or, if convicted, his conviction is invalidated;

   (3) That the Sixth Amendment claim be **DISMISSED WITHOUT PREJUDICE** so that Plaintiff can raise it in his underlying criminal action if that action has not yet been completed, or in an appropriate post-conviction petition (i.e., in a direct appeal or habeas petition); and

   (4) That this case be **ADMINISRTRATIVELY CLOSED**.

   Plaintiff should be aware of the following:

   1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

   2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 12, 2021

                */s/ William G. Cobb*
                William G. Cobb
                United States Magistrate Judge