UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TONY ALLEN PRESSLER,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>DOTTY CASINO, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:20-cv-00020-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Tony Allen Pressler, who is a pretrial detainee at the Elko County Jail, brings this action under 42 U.S.C. § 1983. (ECF No. 19.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 20), screening Plaintiff's First Amended Complaint (ECF No. 19 ("FAC")), recommending the Court dismiss certain proposed Defendants with prejudice, dismiss Plaintiff's proposed claims without prejudice, and direct closure of this case. Plaintiff filed an objection to the R&R. (ECF No. 21 ("Objection").) Because the Court agrees with Judge Cobb's screening analysis of Plaintiff's FAC, is unpersuaded by the arguments Plaintiff raises in his Objection, and as further explained below, the Court will accept and adopt the R&R and overrule Plaintiff's Objection.

**II.　BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of Plaintiff's allegations in the FAC provided in the R&R, which the Court adopts. (ECF No. 20 at 1-2, 3-5.)

**III.　LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 21.)

**IV.　DISCUSSION**

Plaintiff raises three arguments in his Objection. As further explained below, none are persuasive. Plaintiff first argues that the Court should not adopt Judge Cobb's recommendation to dismiss all of Dotty's Casino's employees with prejudice as non-state actors who cannot be sued under Section 1983 because they conspired with police to violate his constitutional rights, so he can state a claim against them. (ECF No. 21 at 1 (citing *id.* at 7).) "However, private parties are not generally acting under color of state law, and we have stated that conclusionary allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act." *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (citation, internal quotation marks and punctuation omitted). Plaintiff's allegation in his FAC that the Dotty's Casino employees he attempts to sue conspired with the police by passing them false information is too conclusory to allow the Court to plausibly infer they were acting under color of state law. (ECF No. 19 at 5.) The Court instead agrees with Judge Cobb that these private actors should remain dismissed from this case. (ECF No. 20 at 4.)

Plaintiff next argues he should not have to wait to bring his Section 1983 claims for fabrication of evidence, false arrest, false imprisonment, and unlawful search and seizure until the criminal cases against him either resolve in his favor, or he is able to overturn his conviction(s). (ECF No. 21 at 1-2.) But this is not the law. (ECF No. 3 at 5-7; *see also* ECF No. 20 at 5.) Judge Cobb also recommends again dismissing these claims without prejudice, such that Plaintiff may pursue them in the future if he prevails in the criminal cases against him, or on appeal. (*Id.*) So Plaintiff may be able to vindicate his rights—just not yet, and not in this case.

Plaintiff finally argues that the Court should permit him to pursue a Sixth Amendment claim in this case based on the police's seizure of his untainted assets, which is depriving him of the funds necessary to retain the lawyer of his choice. (ECF No. 21 at 2-4.) While the Court agrees with Plaintiff that he raises a legitimate argument, the Court also agrees with Judge Cobb that Plaintiff must raise this argument in the criminal cases pending against him, in an appeal of one of those cases, or in a postconviction proceeding—not in this case. (ECF No. 20 at 6-7.) The Court accordingly also rejects Plaintiff's argument on his attempted Sixth Amendment claim.

Moreover, to the extent not already clear, the Court agrees with—and expressly adopts—Judge Cobb's analysis in the R&R. In sum, Plaintiff's objection is overruled, and the Court will accept and adopt the R&R in full.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's Objection (ECF No. 21) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb is overruled. The Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 20) is accepted and adopted in full.

It is further ordered that Dotty's Casino and its employees, Chelsea Woten, Roxy Pete, Ms. Myler, Ms. Harley, Janna Weiber, Derek Hatland, and Lana Kilo Banner remain dismissed with prejudice as they are not state actors subject to suit under Section 1983.

It is further ordered that Plaintiff's claims for fabrication of evidence, false arrest, false imprisonment, and unlawful search and seizure in his FAC are dismissed without prejudice, so that Plaintiff can raise them in the future—in the event his criminal proceeding(s) terminate(s) in his favor or, if convicted, his conviction is invalidated.

It is further ordered that Plaintiff's Sixth Amendment claim is dismissed without

prejudice so that Plaintiff can raise it in his underlying criminal action, if that action has not yet been completed, or in an appropriate post-conviction petition (*i.e.*, in a direct appeal or habeas petition) if it has been.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 10th Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE